UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MALCOLM WASHINGTON,

                Plaintiff,           9:20-CV-0023
                                                   (GLS/TWD)
    v.

SHERIFF HARDER et al.,

                Defendants.

---

APPEARANCES:

MALCOLM WASHINGTON
16-B-2263
Plaintiff, pro se
Franklin Correctional Facility
P.O. Box 10
Malone, NY 12953

GARY L. SHARPE
Senior United States District Judge

**DECISION and ORDER**

**I.   INTRODUCTION**

Presently before the Court is a letter motion filed by pro se plaintiff Malcolm Washington requesting to "file to amend, alter, or have a new trial."  Dkt. No. 33.  In light of plaintiff's pro se status, the motion is liberally construed as a request to vacate judgment pursuant to Federal Rule of Civil Procedure 60(b).  Plaintiff also filed a third motion for counsel.  Dkt. No. 35.  For the reasons that follow, plaintiff's motions are denied.

**II.   BACKGROUND**

Plaintiff commenced this action on January 8, 2020, by filing a Complaint for relief pursuant to 42 U.S.C. § 1983 and an application to proceed in forma pauperis (IFP).  Dkt.

Nos. 1 ("Compl."); 5 ("IFP Application"). By Decision and Order filed February 27, 2020 (the "February 2020 Order"), the Court granted plaintiff's IFP application and reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Dkt. No. 7. On the basis of that review, the Court dismissed the Complaint for failure to state a claim upon which relief could be granted. *Id.* In light of his pro se status, plaintiff was afforded an opportunity to submit an Amended Complaint. *See id.* at 10.

On March 18, 2018, plaintiff filed a document entitled "Amended Complaint." Dkt. No. 8. In a Decision and Order filed on April 7, 2020 (the "April 2020 Order"), the Court declined to accept the submission as an Amended Complaint and directed plaintiff to submit an amended pleading, within sixty days, in compliance with the Court's Local Rules and the February 2020 Order. Dkt. No. 9 at 3.

On May 7, 2020, in lieu of an Amended Complaint, plaintiff filed a motion for the appointment of counsel. Dkt. No. 11. In a Decision and Order filed on May 7, 2020 (the "May 2020 Order"), the Court denied the motion and granted an extension of time, for thirty days, for plaintiff to comply with the February 2020 Order. Dkt. No. 12.

In May and June 2020, in lieu of an Amended Complaint, plaintiff filed a motion for recusal of the Magistrate Judge and a motion for summary judgment. Dkt. Nos. 13 and 15. On June 16, 2020, the Court denied the motions and provided plaintiff with one "final" opportunity to comply with the February 2020 Order. Dkt. No. 16. Plaintiff was advised that, if he wished to proceed with the action, he must file an Amended Complaint within thirty days. *Id.*

From June 2020 until September 2020, in lieu of an Amended Complaint, plaintiff filed

various submissions with the Court including the following motions: (1) a motion for reconsideration of the June Order; (2) a second motion for reconsideration of the June Order; (3) a second motion for the appointment of counsel. *See* Dkt. Nos. 17, 21, 24 . In August, September, and October 2020, the Court denied the aforementioned motions. Dkt. Nos. 20, 23, and 25. In the October 2020 Order, plaintiff was advised, "[i]n light of Plaintiff's pro se status, the deadline for submission of an Amended Complaint is extended to 11/23/2020." Dkt. No. 25.

From October 2020 though February 3, 2021, in lieu of an Amended Complaint, plaintiff filed three letters seeking a status update on his case, state court documents, and a request for interrogatories. Dkt. Nos. 26, 27, 28, 29, and 30.

Plaintiff did not submit an amended complaint. Thus, on February 24, 2021, Judgment was entered dismissing this action without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted. Dkt. No. 31.

### III.   MOTION TO VACATE

Rule 60(b) of the Federal Rules of Civil Procedure sets forth the following six grounds upon which relief from judgment can be granted:

(1)   mistake, inadvertence, surprise, or excusable neglect;

(2)   newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)   fraud, misrepresentation, or misconduct;

(4)   the judgment is void;

(5)   the judgment has been satisfied, released, or

3

>>discharged; or
>
>(6)   any other reason that justifies relief.

In deciding a Rule 60(b) motion "a court must balance the policy in favor of hearing a litigant's claims on the merits against the policy in favor of finality." *Kotlicky v. U.S. Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987). "Rule 60 determinations are committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." *Gonzalez v. Gannett Satellite Info. Network, Inc*., 903 F. Supp. 329, 331 (N.D.N.Y. 1995).

Plaintiff claims that he was not able to timely comply with the Court's Orders "due to COVID exposure twice in which I could not gain access to the law library due to being under quarantine." Dkt. No. 33 at 1. Plaintiff provided documentation establishing that he was in quarantine from November 5, 2020 until November 20, 2020 and from January 21, 2021 until February 1, 2021. Dkt. No. 34 at 2-4.

Plaintiff's inability to access the law library and quarantine status does not provide a basis to vacate the judgment. As summarized above, from February 2020 until November 2020, plaintiff had ample opportunity to amend his complaint before being placed in quarantine. Moreover, during the three months between the quarantine periods, plaintiff filed three submissions with the Court, seeking status reports and responses to interrogatories. Dkt. Nos. 28, 29, and 30. Plaintiff did not, however, file an amended pleading in response to the February 2020 Order.

Upon due consideration, the Court finds that this action was properly dismissed and plaintiff has not established that relief from judgment is warranted under Fed. R. Civ. P. 60(b). Plaintiff's motion to vacate the Judgment is therefore denied.

**IV.      CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion to vacate (Dkt. No. 33) is **DENIED**; and it is further

**ORDERED** that plaintiff's third motion for counsel (Dkt. No. 35) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

April 6, 2021
Albany, New York

Gary L. Sharpe
U.S. District Judge